UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTIAN VELEZ,
*Plaintiff*,

v.

51, 53, AND 55 BENTON STREET,
*Defendants*.

No. 3:23-cv-1412 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Christian Velez has filed a *pro se* complaint against three plots of land located at 51, 53, and 55 Benton Street in Hartford, Connecticut. But because it appears that there is no federal jurisdiction over Velez's complaint, the Court shall require by **January 12, 2024** that Velez either file an amended complaint that overcomes the concerns set forth in this ruling or file a response explaining why the complaint should not be dismissed.

### BACKGROUND

The complaint alleges the following facts. The land located at 51, 53, and 55 Benton Street previously had "a sign that contained information about a land hearing use application."[1] Though that sign was later removed, "nothing has been installed or placed in said area."[2]

Velez filed suit "request[ing] that he be granted approval to construct or hire contractors based off a financial state grant awarded by the State of Connecticut."[3] Specifically, Velez asks this Court for "a signed order" "granting him permission to use the land" located at 51, 53, and 55 Benton Street.[4]

---

[1] Doc. #1 at 1 (¶ 2).
[2] *Ibid.*
[3] *Id.* at 2 (¶ 7).
[4] *Id.* at 3 (¶ 11).

1

**DISCUSSION**

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is *pro se*, the Court must give his complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[5] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Velez may promptly respond or file an amended complaint that addresses these concerns.

It is a very basic principle that federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A federal court must dismiss a complaint if at any time it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The complaint does not cite or allege any apparent violation of federal law. Nor does the complaint allege facts to give rise to federal diversity jurisdiction. Even assuming that the pieces of property named by Velez as defendants in this action are "citizens" capable of being sued in

---

[5] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

any court, there is no allegation that Velez and the defendants are citizens of different States as federal diversity jurisdiction requires. Nor are there facts to show that the amount in controversy is more than $75,000.

## CONCLUSION

In short, it appears that the complaint is subject to dismissal under § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) because it does not allege facts to support federal jurisdiction. But if Velez has grounds to file an amended complaint or to show why the complaint should not be dismissed, he may file a response to this order to show cause by **January 12, 2024**.

It is so ordered.

Dated at New Haven this 21st day of December 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge